[Filed March 29, 1887.]

# STATE OF OREGON, RESPONDENT, *v.* WILLIAM S. JOHNS, APPELLANT.

INDICTMENT—FORM OF.—Upon a motion in arrest of judgment, an indictment charging the defendant, "that . . . . and being a room in which personal property of said county and State was kept, did then and there the room aforesaid unlawfully break and enter with the intent the goods, etc., there situate, to steal," etc., sufficiently avers that there was property of the county kept in the room at the time of entry.

SAME.—The sentence is ill-arranged, but objection should have been made before trial.

APPEAL from Lane County.    Affirmed.

Facts are stated in the opinion.

*L. H. Montanye,* for Appellant.

*J. W. Hamilton,* District Attorney, for Respondent.

LORD, C. J.—The defendant was indicted, tried, and convicted of the crime of burglary. A motion in arrest of judgment was filed on the grounds that the facts stated in the indictment do not constitute a crime, in this, that at the time of breaking and entering the building, it is not alleged that property was kept therein. The overruling of this motion is the only ground of alleged error. The indictment was drawn under section 549 of the Criminal Code. The specific objection is that the indictment does not show that there was any property in the room as alleged. The allegation in the indictment is, "that . . . . and being a room in which personal property of said county and State was kept, did then and there the room aforesaid unlawfully, etc., break and enter with the intent the goods, moneys, and chattels there situate, feloniously and burglariously, to steal, take, and carry away," etc. The supposed uncertainty or confusion originates in the words "there situate." If the allegation had been "did" then and there, feloniously and burglariously break and enter with the intent the goods, moneys, and chattels in the said room, then and there being, feloniously and burglariously to steal," etc., the objection would be obviated. But this is the plain import of the allegation as made.

It in effect says that the defendant did then and there, bur-
glariously, etc., break and enter, the room aforesaid, with the
intent the goods, moneys, and chattels there situate, that is,
there placed or being at the time the breaking, etc., was made.
The sentence is ill-arranged and is susceptible of criticism, but
the objection should have been remedied before trial. It follows
from the foregoing opinion that the judgment must be affirmed,
and it is so ordered.